DUNCAN McLEAN'S
APPEAL FROM PROBATE
(Estate of John McLean)

Superior Court          Fairfield County          File #48118

Present:   Hon. ALFRED C. BALDWIN, Judge.

Shaff & Chatfield,  Attorneys for the Plaintiff.

Sherwood & Ives,
S. A. Davis,  Attorneys for the Defendant.

## MEMORANDUM FILED NOVEMBER 8, 1935.

BALDWIN, J. This is an appeal from a decree of the Probate Court for the District of Danbury denying an application for an order directing the executor under the will of the deceased to pay expenses incurred by the appellant, who is an heir and beneficiary under the will of the deceased, resulting from his employment of attorneys in connection with certain matters arising in the settlement of the estate.

In the application to the Probate Court (which is made a part of the appellant's reasons for appeal), it is alleged that the appellant was obliged to employ attorneys who prepared and filed an objection to the inventory and that said objection was thereafter duly heard, and the inventory was amended by the addition of a claimed debt of $9000. and a reduction of $23,000. was made in the appraisal of certain stocks owned by the deceased.

As a result of the addition of the $9000. to the inventory, the tax commissioner levied a penalty tax of $900. against the estate. It developed that the $9000. was an advancement made by the deceased to this appellant. Counsel for the executor was concerned because of this penalty tax and filed an objection to the inventory because of this addition and counsel for this appellant cooperated in securing a reduction of this tax. This cooperation was at the suggestion of counsel for the executor and the suggestion was made to counsel for the appellant because the addition to the inventory which brought the penalty tax was brought about by appellant's counsel. It was appropriate that they should help to relieve the estate of a charge against it which was in excess of that which properly should have been made and which resulted from their having caused the $9000. to have been added to the inventory.

The reduction in the appraisal of the stocks resulted in a

reduction of federal and succession taxes.

The same influence upon these taxes, however, would have been secured in the final settlement by taking into account the incumbrances which reduced the values of the stocks equivalent to the reduction made in the inventory.

Aside from the facts recited, the appellant employed counsel upon his own volition to represent his interests in the estate. He asks the Probate Court to direct the executor to pay his counsel for their services and expenses. This the Probate Court has no power or authority to do.

"The jurisdiction of courts of probate is statutory; hence they possess only such powers as are expressly or by necessary implication conferred upon them by statute. The powers, legal and equitable, conferred on courts of probate by implication are such powers as are necessary to the entire performance of all the duties imposed upon them by law, and such only. Necessity in this connection does not always nor often mean a strict absolute necessity. It is a relative term and variable according to circumstances."

**Cleveland & Hewitt Probate Law and Practice. Sec. 47, Page 38.**

There is no statutory authority under which the Probate Court could grant the prayer of the applicant, and there is no implied authority, since in the complete discharge by the Probate Court of its duties in the settlement of the estate, there is no necessity that such order should be passed; and this Court upon this appeal has no greater power than the Probate Court had.

Indeed, had the executor employed counsel, and then refused to pay such counsel, the authorities hold the Probate Court to be without power to order payment in the absence of statutory authority. To recover under such circumstances, action may be brought against the executor in the appropriate court.

Judgment may be entered for the appellee dismissing the appeal.